UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-14424-CV-MIDDLEBROOKS/OTAZO-REYES

DELFON BLAIR,

    *Pro se* Plaintiff,

v.

ST. LUCIE SHERIFF'S DEPARTMENT,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE

*Pro se* Plaintiff Delfon Blair ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 on November 30, 2020 [D.E. 1]. On January 28, 2021, the undersigned denied Plaintiff's request to proceed *in forma pauperis* due to his failure to comply with 28 U.S.C. § 1915(a)(2) (hereafter, "Section 1915(a)(2)"), which provides that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, . . . *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined*.

Id.; see Order Denying IFP and Requiring Six-Month Account Statement [D.E. 7]. The undersigned further ordered Plaintiff, in the event that he was to renew his request to proceed *in forma pauperis*, to:

- Have the certificate concerning his prison bank account completed by an officer of the institution; and,

- Attach a certified copy of his/her prison/jail account for the six-month period preceding the filing of the complaint, in accordance with the above quoted statute. This must be a full statement of all deposits and withdrawals, not just a summary.

See Order Denying IFP and Requiring Six-Month Account Statement [D.E. 7].

On February 9, 2021, Plaintiff again moved to proceed *in forma pauperis*. See Motion to Proceed In Forma Pauperis (hereafter, "Second IFP Motion") [D.E. 13]. Plaintiff's Second IFP Motion attached his Florida Department of Corrections Trust Fund Account Statement (hereafter, "Trust Fund Account Statement") reflecting transactions only for January 12, 2021 through January 31, 2021. Id. at 2. On March 8, 2021, the undersigned denied Plaintiff's Second IFP Motion because the Trust Fund Account Statement did not cover the 6-month period immediately preceding the filing of the Complaint, as required by Section 1915(a)(2). See Second Order Denying IFP and Requiring Six-Month Account Statement (hereafter, "March 8, 2021 Order") [D.E. 16]. Accordingly, Plaintiff was ordered as follows:

- On or before April 8, 2021, Plaintiff shall either pay the $400 filing fee or renew his request to proceed *in forma pauperis*.

- If Plaintiff renews his request to proceed *in forma pauperis*, he must:

    a)   Have the certificate concerning his/her prison bank account completed by an officer of the institution; and,

    b)   Attach a certified copy of his/her prison/jail account for the six-month period preceding the filing of the complaint, in accordance with the above quoted statute. This must be a full statement of all deposits withdrawals, not just a summary.

Id. Plaintiff was also admonished that "[f]ailure to pay the filing fee or file a legally sufficient motion to proceed *in forma pauperis* will result in dismissal of this case." Id.

On April 15, 2021, Plaintiff filed an "Indigent Update" wherein he swore that he is indigent, referenced his previously filed Trust Fund Account Statement, and inquired as to whether he was "going to be accepted indigent or not." See Indigent Update [D.E. 19]. Plaintiff's "Indigent Update" did not comply with either the undersigned's March 8, 2021 Order or the requirements of

Section 1915(a)(2).  Accordingly, Plaintiff was ordered as follows:

- On or before **May 19, 2021**, Plaintiff shall either pay the $400 filing fee or renew his request to proceed *in forma pauperis.*

- If Plaintiff renews his request to proceed *in forma pauperis*, he **must**:

    a)   Have the certificate concerning his/her prison bank account completed by an officer of the institution; and,

    b)   Attach a certified copy of his/her prison/jail account for the six-month period preceding the filing of the complaint, in accordance with the above quoted statute. This must be a full statement of all deposits and withdrawals, not just a summary.

See Order (hereafter, "April 19, 2021 Order") [D.E. 20].  Plaintiff was also admonished that "**this is his final opportunity** to either pay the filing fee or file a legally sufficient motion to proceed *in forma pauperis*.  Failure to comply with this Order **will result** in a recommendation that this matter be **dismissed**." Id.  Plaintiff has neither paid the $400 filing fee nor renewed his request to proceed *in forma pauperis*, within the time allotted by the undersigned's April 19, 2021 Order.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).  Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Id. (citing Fed. R. Civ. P. 41(b)).

Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure."  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989); see also Martins v. Royal Caribbean Cruises, Ltd., No. 15-CV-21124, 2019 WL 246604, at *1 (S.D. Fla.

2019) (collecting cases).

Here, Plaintiff was twice admonished that his failure to pay the filing fee or file a legally sufficient motion to proceed *in forma pauperis* would result in dismissal of this case. See March 8, 2021 Order [D.E. 16]; April 19, 2021 Order [D.E. 20]. Despite being provided ample time and opportunity to do so, Plaintiff has failed to comply.

## RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Complaint [D.E. 1] be **DISMISSED** without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 149 (1985).

RESPECTFULLY SUBMITTED in Chambers, at Miami, Florida, this 26th day of May, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Donald M. Middlebrooks
Counsel of Record

Copies via U.S. mail to:

Delfon Blair
Q50967
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034

4